UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DERRICK MARTINEZ-JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:17-cv-00351-WTL-DLP |
| ) | |
| DICK BROWN, ) | |
| ) | |
| Respondent. ) | |

**Order Dismissing Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Derrick Martinez-Johnson petitions for a writ of habeas corpus challenging prison disciplinary proceeding number WVS 17-06-0009. For the reasons explained in this Order, Mr. Derrick Martinez-Johnson's petition is **dismissed** because administrative remedies were not exhausted prior to the petition being filed.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On June 10, 2017, correctional officers were moving Wabash Valley Correctional Facility (WVCF) inmates from showers to their cells. As one of the inmates was being escorted past petitioner Martinez-Johnson's cell, Officer Jones saw "a swift motion" coming from petitioner's cell, then saw that the inmate passing the cell was bleeding from his forearm. The bleeding inmate was quickly escorted out of the area. Dkt. No. 7-1.

Five days later, on June 15, 2017, petitioner was notified of the charge against him, assault/battery with a weapon, a Class A offense. He pleaded not guilty and requested Officer Jones as a witness, believing that she would testify that the injured inmate cut himself on a shower door. Petitioner also requested video evidence to show that the injured inmate cut himself on something in the shower. He also requested statements from other inmates, but those inmates refused to give statements. Officer Jones left her employment with the WVCF and was not available to return to the facility for the disciplinary hearing. Dkt. No. 7-4.

On June 20. 2017, the disciplinary hearing was held. Petitioner was not allowed, for security reasons, to view the video evidence, but the hearing officer viewed the evidence and provided a written summary. It was generally inconclusive but not exculpatory. Dkt. No. 7-6. Petitioner's statement was that the evidence was inconclusive – he would have had to reach out between two people (the inmate and the officer) to make the assault, and the injured inmate never said that petitioner did it. Dkt. No. 7-7. No weapon was ever found. After considering petitioner's statement, the video evidence, and staff reports, the hearing officer found petitioner guilty and assessed sanctions that included the loss of earned credit time and a demotion in credit earning class. *Id.*

Petitioner immediately appealed to the Facility Head (the Warden, the respondent in this action). Petitioner signed the appeal form on June 20, 2017, but dated the form for the next day, June 21. Dkt. No. 7-8. Under Department of Correction policy, the Warden had thirty days to respond to petitioner's appeal. Petitioner grew impatient and before the Warden's decision, on July 7, 2017, he appealed to the Final Reviewing Authority and indicated, incorrectly, that his first appeal had been denied. Dkt. No. 7-9. The Final Reviewing Authority's Appeal Review Officer, J. Lyttle, wrote to petitioner on July 24, 2017, and advised him that he could not locate a first appeal to the facility head. Dkt. No. 7-10. He advised petitioner "that [his] appeal is not properly before the Appeal Review Officer." *Id.* The same day, respondent decided petitioner's first level appeal and notified him in writing of the denial. Dkt. No. 7-8.

Near the top of the appeal form are these instructions for inmates wishing to appeal from the Warden's unfavorable decision: "[T]he offender may then forward the appeal, within fifteen (15) working days of *the date the response is received from the facility head*, to the appropriate Final Reviewing Authority." Dkt. No. 7-8 (emphasis added). Petitioner did not make any further appeal to the Final Reviewing Authority after he received notice of the Warden's denial.

The docket in this action reflects a filing date of July 25, 2017, just one day after petitioner's facility-level appeal was denied. Dkt. No. 1. But the envelope petitioner used to mail it to the Court appears to be postmarked either July 12 or 19, 2017 (it contains both postmarks), and is stamped as received by the clerk's office on July 21, 2017. Indiana follows the prison mailbox rule, and petitioner's habeas corpus petition should have been filed as of July 12, 2017. That was twelve days before the Warden denied petitioner's first appeal.

3

C. **Analysis**

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

The exhaustion of administrative remedies is also required of prisoner litigants proceeding in civil rights actions. Such cases can be instructive to assess the question of whether exhaustion has occurred in a habeas proceeding. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81 (2006) (footnote omitted). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir.2006).

The Seventh Circuit has "taken a strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809 (7th Cir. 2006); *see also King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) ("The exhaustion requirement is strict. A prisoner must comply with the specific procedures and deadlines established by the prison's policy."). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies . . . ." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). In determining whether a plaintiff properly exhausted his administrative remedies, the Seventh Circuit focuses on "whether the plaintiff did all he could to avail himself of the administrative process." *Wilder v. Sutton*, 310 Fed. Appx. 10, 13 (7th Cir. 2009).

In his reply to respondent's contention that he had failed to exhaust his administrative remedies, petitioner appears to argue that the administrative appeal exhaustion requirement does not apply to prisons, but only to municipalities. This is a misunderstanding of the law, as shown by the first paragraph of this section. Petitioner was required to complete his administrative appeals *before* filing this habeas corpus action. The record and docket show that he failed in this regard on two levels: first, he never properly presented his administrative appeal to the Final Reviewing Authority for a decision, and, second, he commenced this habeas corpus action before any administrative appeal decision had been made. This failure is fatal to merits review of the petition.

Because petitioner Derrick Martinez-Johnson failed to exhaust his administrative remedies prior to commencing this habeas action, it must be, and is, **dismissed**. 28 U.S.C. § 2254(b)(1)(A).

### D. Conclusion

Because the issues in the petition for a writ of habeas corpus were not first presented to and decided by the prison administrative appeal authorities, the petition for a writ of habeas corpus is dismissed without prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/26/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Derrick Martinez-Johnson
120965
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Electronically Registered Counsel

5